IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOILERMAKER-BLACKSMITH
NATIONAL PENSION FUND, et al.,

　　　　Plaintiffs,

v.

GRAVER TANK CO.,

　　　　Defendant.

Case No. 15-CV-9072-DDC-GEB

## MEMORANDUM AND ORDER

Plaintiffs bring this action against defendant alleging violations of §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145. Plaintiffs are employee benefit plans who seek to collect employee benefit contributions that defendant allegedly owes them under ERISA and collective bargaining agreements between defendant and the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, and Helpers AFL-CIO.

This matter is before the court on two motions.  First, plaintiffs have filed a Motion for Summary Judgment (Doc. 37).  It asserts that the summary judgment facts establish, as a matter of law, that defendant is liable for delinquent contributions to the employee benefit plans. Plaintiffs ask the court to enter judgment against defendant in the amount of $387,313.80 plus attorneys' fees and costs.  Second, plaintiffs have filed a Motion for Judgment (Doc. 41).  It asks the court to enter judgment against defendant because it has failed to defend this case.  For the reasons explained below, the court grants plaintiffs' Motion for Summary Judgment (Doc. 37),

and enters judgment in favor of plaintiffs.  This ruling renders plaintiffs' Motion for Judgment (Doc. 41) moot.

## I.        Procedural Background

On May 15, 2015, plaintiffs filed this lawsuit.  Doc. 1.  Defendant filed its Answer, through its attorneys of record, on June 5, 2015.  Doc. 6.  On July 9, 2015, plaintiffs filed an Amended Complaint.  Doc. 13.  Defendant filed its Answer to the Amended Complaint, again through counsel, on July 30, 2015.  Doc. 15.

On August 3, 2015, counsel for defendant filed an Unopposed Motion to Withdraw.  Doc. 16.  Counsel for defendant filed a declaration stating that he had spoken with defendant's representative on July 20, 2015.  Doc. 21 at 2.  Counsel asserts that he advised the representative that defendants' attorneys of record must withdraw from representing defendant because defendant could not fulfill its obligations to counsel.  *Id.*  Counsel asserts that he also informed defendant's representative that defendant could not represent itself in federal court because it is a corporation.  *Id.*  Finally, withdrawing counsel says he advised defendant's representative of all current deadlines and hearing dates in this case, and he told defendant's representative that defendant is responsible for complying with all court orders and time limitations.  *Id.*

On September 15, 2015, Magistrate Judge Gwynne E. Birzer granted the Motion to Withdraw of defendant's counsel.  Doc. 22.  When no new counsel had entered an appearance on behalf of defendant by January 25, 2016, the court ordered defendant to have new counsel enter an appearance by February 5, 2016.  Doc. 26.  The court explained that, as a corporation, defendant must to have an attorney represent it in federal court.  *See Tal v. Hogan*, 453 F.3d 1244, 1254 n.8 (10th Cir. 2006); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556–57 (10th Cir. 2001).  Despite this Order, no new counsel has ever appeared for defendant.

On February 25, 2016, Judge Birzer held a scheduling conference.  Doc. 32.  Defendant failed to appear at the conference.  *Id.* at 1.  On May 12, 2016, Judge Birzer entered an Order requiring defendant to show cause why the district court should not enter judgment in plaintiffs' favor because of defendant's failure to defend the case.  Doc. 35.  Defendant has never responded.

On May 20, 2016, plaintiffs filed a Motion for Summary Judgment.  Doc. 37. Defendant's response to that motion was due on June 10, 2016.  *See* D. Kan. Rule 6.1(d)(2) ("Responses to . . . motions for summary judgment . . . must be filed and served within 21 days.").  Defendant has never responded to plaintiffs' summary judgment motion.  And defendant has not filed anything with the court or otherwise attempted to defend this action since the court allowed defendant's first counsel to withdraw on September 15, 2015.

Because defendant has never responded to plaintiffs' summary judgment motion, the court may "consider and decide the motion as an uncontested motion."  *See* D. Kan. Rule 7.4(b). "Ordinarily, the court will grant the motion without further notice."  *Id.*  But a party's failure to respond to a summary judgment motion—alone—is not a sufficient basis on which to enter judgment.  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  Instead, the court must determine whether judgment for the moving party is appropriate under Fed. R. Civ. P. 56.  *Id.* The court thus considers the merits of plaintiffs' summary judgment motion below.

But because defendant failed to file a response, it waives the right to respond or controvert the facts asserted in plaintiffs' summary judgment motion.  *Id.*  The court thus accepts as true all material facts asserted and properly supported in plaintiffs' Motion for Summary Judgment, as identified in the analysis below.  *Id.*

## II.       Uncontroverted Facts

The following facts are uncontroverted.  Plaintiffs[1] are each multi-employer employee benefit plans.  Plaintiffs are funded through contributions made by employers who are obligated to make payments to the plans under one or more collective bargaining agreements the employers have entered with the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, and Helpers AFL-CIO (the "Union").  When an employer signs a collective bargaining agreement that includes a requirement to make reports and contributions to the plaintiffs' plans, the Union provides plaintiffs with a copy of the signed agreements.  Plaintiffs thus know when an employer is required by contract to provide reports and contributions.

Each plaintiff has a Board of Trustees that exercises discretionary authority or discretionary control over the management of each plan.  The Boards of Trustees also exercise authority and control over management or control of the plans' assets.

Plaintiffs require the signatory employers to provide monthly reports and contribution payments.  The employers must base the reports and contributions on the hours of covered work performed by employees in a given month.  Plaintiffs require the signatory employers to submit the reports on prescribed forms.  Plaintiffs provide blank copies of these forms to signatory employers.  Reports and contributions are due on the 15th day of each month following the month for which the employer is reporting and contributing.  If a signatory employer fails to submit the reports and contributions in a timely manner, the employer is considered delinquent.

When an employer does not submit timely reports and contributions, plaintiffs may sue the employer to recover the delinquent contributions it owes.  Plaintiffs also may recover

---

[1]       Two of the seven plaintiffs are fiduciaries of employee benefits plans.  They bring this lawsuit on behalf of the plans they represent.  For ease of reference, the court refers to the plaintiffs, collectively, as employee benefit plans.

liquidated damages and interest on the delinquent contributions.  Plaintiffs' collection policies and the various trust agreements governing plaintiffs' plans provide that, when an employer fails to make timely payments, the delinquent payments are subject to:  (1) a one-time assessment of liquidated damages, amounting to 12% of the delinquent amount; and (2) an assessment of interest on all unpaid amounts at the rate of 12% per annum until the balance is paid in full.

Vance Davis, the President of Graver Tank Company, signed three collective bargaining agreements with the Union on defendant's behalf.  Those agreements are:  (1) Tank Repair Agreement, (2) National Maintenance Agreement, and (3) National Transient Division Articles of Agreement.  By signing the agreements, defendant is bound by the agreements' terms and conditions.

The Tank Repair Agreement, National Maintenance Agreement, and National Transient Division Articles of Agreement are standard agreements, meaning that their terms do not vary from one signatory employer to another.  Among the obligations imposed by the Tank Repair Agreement, National Maintenance Agreement, and National Transient Division Articles of Agreement is the signatory employer's obligation to make payments to plaintiffs at the rates specified.

As a signatory to the Tank Repair Agreement, National Maintenance Agreement, and National Transient Division Articles of Agreement, defendant must provide reports and contributions for covered work performed by each covered employee in a timely fashion. Defendant employed employees who performed covered work under these collective bargaining agreements from January through April 2015.  The agreements thus required defendant to submit reports and fringe benefit contributions for January through April 2015, in such amounts as

determined by the number of hours of covered work performed by defendant's employees at the rates established by plaintiffs in the collective bargaining agreements.

Defendant submitted reports to plaintiffs containing the hours of covered work performed by its employees for January through April 2015.  But defendant failed to submit all fringe benefit contributions due and owing to plaintiffs for the covered work reported for February through April 2015.  Defendant owes $438,621.08 in contributions for the covered work performed for February through April 2015.  Plaintiffs have received payments totaling $161,378.95 from defendant.  Plaintiffs have credited those payments towards the principal amount of contributions that defendant owes, leaving a remaining principal balance of $277,242.13 in contributions owed to plaintiffs.

Plaintiffs assert that defendant has breached the collective bargaining agreements by failing to submit fringe benefit contributions to plaintiffs in a timely manner.  And, as a consequence, defendant must pay liquidated damages and interest as required by the collective bargaining agreements.  According to plaintiffs, defendant owes the following amounts to plaintiffs as of May 17, 2016:

| | |
|---|---|
| Principal Contributions (February–April 2015): | $277,242.13 |
| Liquidated Damages: | $52,634.52 |
| Interest (calculated as of 5/17/16)[2]: | $57,437.15 |
| TOTAL: | $387,313.80 |

Plaintiffs also assert that they are entitled to attorneys' fees if they prevail on their Motion for Summary Judgment.  They never identify the amount of attorneys' fees they have incurred.

---

[2]     Interest continues to accrue.

### III.     Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute" about "any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  When it applies this standard, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010).  "An issue of fact is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party' on the issue." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "An issue of fact is 'material' 'if under the substantive law it is essential to the proper disposition of the claim' or defense." *Id.* (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

The moving party bears "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citing *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)).  To meet this burden, the moving party "need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim." *Id.* (citing *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)).

If the moving party satisfies its initial burden, the non-moving party "'may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.'" *Id.* (quoting *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996)); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 248–49.  "To accomplish this, the facts must be identified by reference to

7

affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at

671 (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992)).

Summary judgment is not a "disfavored procedural shortcut." *Celotex*, 477 U.S. at 327.

Instead, it is an important procedure "designed 'to secure the just, speedy and inexpensive

determination of every action.'" *Id.* (quoting Fed. R. Civ. P. 1).

**IV.    Analysis**

Section 515 of ERISA requires that:

> Every employer who is obligated to make contributions to a
> multiemployer plan under the terms of the plan or under the terms
> of a collectively bargained agreement shall, to the extent not
> inconsistent with law, make such contributions in accordance with
> the terms of such plan or such agreement.

29 U.S.C. § 1145.  The summary judgment facts here establish that defendant has failed to pay

contributions to plaintiff as the three collective bargaining agreements required it to do.

Defendant thus has violated § 515 of ERISA.

The uncontroverted facts establish that each plaintiff is an "employee benefit plan" as

defined by ERISA, 29 U.S.C. § 1002(3).  Plaintiffs also are "multi-employer plans" within the

meaning of ERISA, 29 U.S.C. § 1002(37).  Plaintiffs administer collective bargaining

agreements that require signatory employers to make fringe benefit contributions.  Plaintiffs

receive contributions from participating employers who are obligated to make contributions

under collective bargaining agreements between the employers and the Union.  Plaintiffs require

signatory employers to provide monthly reports and pay fringe benefit contributions based on the

hours of covered work performed by the employer's employees in a given month.

Defendant is an employer within the meaning of ERISA, 29 U.S.C. § 1002(5).

Defendant is a signatory to three standard collective bargaining agreements negotiated and

enforced by the Union:  (1) Tank Repair Agreement, (2) National Maintenance Agreement, and (3) National Transient Division Articles of Agreement.  These agreements require signatory employers to make contributions to plaintiffs at specified rates.  By singing the Tank Repair Agreement, National Maintenance Agreement, and National Transient Division Articles of Agreement, defendant is required to make monthly contributions to plaintiffs based on the number of hours each covered employee has worked.

Between February and April 2015, defendant employed employees who performed covered work under the collective bargaining agreements.  Defendant thus was obligated to submit timely reports and contributions to plaintiffs at the rates established in the collective bargaining agreements.  Defendant submitted reports for February through April 2015, but failed to remit contributions for all the hours of covered work it reported.  According to defendant's reports, it owed $438,621.08 in contributions for February through April 2015.  Defendant has made payments totaling $161,378.95.  Plaintiffs have credited these payments towards the principal amount of contributions that defendant owes.  This leaves a remaining principal balance of $277,242.13, that defendant owes to plaintiffs.  By failing to pay the entire amount of contributions that it owes to plaintiffs, as the collective bargaining agreements require, defendant has violated § 515 of ERISA and its collective bargaining agreements with the Union.

When an employer violates § 515 of ERISA, a court must award all unpaid contributions, interest on the unpaid contributions, liquidated damages of no more than 20% of the unpaid contributions, reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.  29 U.S.C. § 1132(g)(2).  The relief afforded under this section of ERISA is mandatory when judgment is entered for an employee benefit plan.  *Trs. of Colo. Statewide Ironworkers Fund v. A & P Steel, Inc.*, 824 F.2d 817, 818 (10th Cir. 1987).

The summary judgment facts here establish that plaintiffs are entitled to the following relief under ERISA:  (1) $277,242.13 for unpaid contributions for February through April 2015; (2) interest on the unpaid contributions at the rate of 12% per annum from the due date, which totals $57,437.15 as of May 17, 2016; and (3) liquidated damages in the amount of 12%, which totals $52,634.52.  The court thus awards plaintiffs total damages of $387,313.80.

Plaintiffs also may recover attorneys' fees and costs under ERISA.  *See* 29 U.S.C. § 1132(g)(2).  To do so, they must file a timely motion consistent with the requirements and procedures of Fed. R. Civ. P. 54(d)(2) and D. Kan. Rule 54.2.  *See Layne Christensen Co. v. Bro-Tech Corp.*, 871 F. Supp. 2d 1104, 1124 (D. Kan. 2012) (requiring plaintiffs to comply with the local rule to obtain an award of attorneys' fees and expenses).

V.    **Conclusion**

For the reasons explained above, the court grants plaintiffs' Motion for Summary Judgment (Doc. 37) and deems plaintiffs' Motion for Judgment (Doc. 41) moot.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion for Summary Judgment (Doc. 37) is granted.  The court directs the Clerk to enter Judgment against defendant Graver Tank Company and in plaintiffs' favor, as follows:

| | |
|---|---|
| Principal Contributions (February–April 2015): | $277,242.13 |
| Liquidated Damages: | $52,634.52 |
| Interest (calculated as of 5/17/16)[3]: | $57,437.15 |
| **TOTAL:** | **$387,313.80** |

**IT IS FURTHER ORDERED THAT** plaintiffs' Motion for Judgment (Doc. 41) is denied as moot.

---

[3]    Interest continues to accrue.

**IT IS SO ORDERED.**

**Dated this 16th day of September, 2016, at Topeka, Kansas**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**